## REINHART v. THE STATE.

Where in the trial of a criminal case the witness upon whose testimony a conviction was dependent was impeached by proof of contradictory statements under oath in a former trial, it was error to charge the jury as follows: "Look to the evidence and see whether any false testimony was formerly given by any witness; and if so, you look to the evidence and see whether he has satisfactorily explained such former false testimony; and if he has, it will be your duty to believe him." The effect of such charge was to make the credibility of the witness depend entirely upon

his having satisfactorily accounted for his former false testimony, without regard to other things which should be considered by the jury in determining whether he should be believed.

Argued October 15, — Decided November 15, 1897.

Petition for certiorari.    Before Judge Hart.    Laurens county. September 17, 1897.

*Alex. Akerman,* by *Kontz & Conyers,* for plaintiff in error.

*H. G. Lewis, solicitor-general,* by *Anderson, Felder & Davis,* contra.

COBB, J.   Reinhart was tried in the city court of Laurens county, upon a special presentment charging him with the offense of selling liquors contrary to law.   Upon conviction he applied to the judge of the superior court for a writ of certiorari; and upon the refusal of the judge to sanction the application, he excepted.   The witness upon whose testimony the conviction was dependent was impeached by proof of contradictory statements made under oath in a trial before the mayor's court of Dublin, involving the same transaction which was under investigation in this case, and also by proof of general bad character.   The court, after charging the jury the law in relation to impeachment of witnesses, stated that whether a witness had been successfully impeached, and if impeached, had been restored to confidence, were questions exclusively for the jury.   The court then added the following: "Though fear of future violence to life or member will not justify or excuse, it may afford a moral explanation of perjury sufficient to account to the jury for false testimony, and where the explanation is satisfactory to them, it may be believed with or without corroborating circumstances, or supporting evidence, though he admits the falsehood of the testimony formerly given, and now deposes directly to the contrary of that testimony.   Look to the evidence and see whether any false testimony was formerly given by any witness; and if so, you look to the evidence, and see whether he has satisfactorily explained such former false testimony, and if he has, it will be your duty to believe him."   We think the latter part of this charge was erroneous. The effect of the charge was to instruct the jury that the cred-

ibility of the witness in question depended entirely upon his having satisfactorily accounted for his former false testimony, and that if he had, it would be their duty to believe him. The jury had the right to believe him notwithstanding his former false statements under oath, if they saw proper to do so; but they were not compelled to believe him, although he may have explained his former conduct to their satisfaction. Especially is this charge error in a case where there was evidence tending to show that the witness referred to was a person of bad character, and for that reason was not entitled to credit. Even if the charge in regard to perjury committed under fear of violence was pertinent, the judge, after such instruction, should have left the jury free to pass upon the credibility of the witness in the light of other facts which they had a right to consider on such question. We do not think the other portions of the charge relieve the error which is complained of. While it is always gratifying to find that a person who has been guilty of falsehood, or even perjury, can give what is a sufficient moral excuse for such reprehensible conduct, still the fact that one falsehood can be satisfactorily explained is not sufficient to restore the credibility of a witness independently of other matters; and especially is this true where the witness is shown to be of bad character and unworthy of belief generally.

As the error complained of was such as to require a new trial, the judge erred in refusing to sanction the certiorari.

*Judgment reversed. All the Justices concurring.*